United States District Court
Southern District Of New York
-------------------------------------------------------------------x
Cecil Waithe

                                    Plaintiff,

            -v-                            **Complaint**

                                              **Jury Demand**

The City Of New York, William A. Bratton,
as NYPD Police Commissioner, being sued individually
and in his official capacity as employee of defendant
The City Of New York,

                                    Defendants.
-------------------------------------------------------------------x

        The plaintiff Cecil Waithe by his attorney William T. Martin, Esq., as and for his Complaint against defendant The City Of New York, respectfully set forth and allege that:

## Introduction

        This is an action for equitable relief and money damages on behalf of the plaintiff Cecil Waithe, (hereinafter referred to as "plaintiff") who was and is being deprived of his statutory rights as an employee as result of the defendant The City Of New York discriminatory conduct.

## Jurisdiction And Venue

        1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C 196, 28 U.S.C1331.1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a. The Civil Rights Act of 1866, 42 U.S.C 1981, providing for the protection of all person's right to make and enforce contracts under the color of State Law; and

        **b.** The Civil Right Act of 1871, 42 U.S.C. 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of right under the color of law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law 296; New York City Administrative Code 8-107; Negligence; Negligent hiring, Negligent supervision, Infliction of Emotional Distress, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are sure such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## Procedural Requirements

4. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 of the Civil Rights Act of 1871.

6. On or about February 22, 2016, plaintiff filed a Notice of Claim within ninety days of the alleged incident with the New York City Comptroller's Office.

7. On or about April 8, 2016, Plaintiff appeared for the GML 50-H Hearing for an Examination Before Trial (EBT).

8. Plaintiff alleges that during the adjustment period, the case was not settled.

## Plaintiff

9. Plaintiff CECIL WAITHE is a male citizen over twenty-one (21) years of age and a resident of Bronx County.

10. Plaintiff was an employee of the defendant THE CITY OF NEW YORK (herein after referred to as the "CITY") more specifically the Police Department of the City of New York (herein after referred to as the "NYPD").

## Defendant

11. Defendant CITY was and is a municipal corporation organized and existed under and by the virtue of the law of the State of New York, and at all relevant times plaintiff's employer, with its central offices in the City of New York.

## Background

12. Plaintiff is an African American male employee of the NYPD, who was a detective with over thirty (30) years of employment with the defendant City.

13. Plaintiff alleges that the defendant CITY through its agents have a long history of discriminating against its African-American male police officers. And that he has witnessed white officers retain their employment even after arrest for serious criminal offenses and /or other infractions.

14. Plaintiff alleges that defendant CITY through its agents have a long history of performing flawed and unfair investigations whenever African-American male police officers complain about false allegations being lodged against them by NYPD.

15. Plaintiff (hereinafter "CW") is and was at all times material to this action an employee of the New York City Police Department (hereinafter "NYPD").

16. CW had been employed as a police officer by NYPD and had been so employed for thirty (30) years until his termination from service on or about October 13, 2015.

17. On or about 1981, CW began his career with NYPD starting as a police officer and in 1990 he was appointed Detective.

18. During his tenure with the NYPD and after his appointment as a Detective he was assigned to the OCCB a specialized unit of the NYPD.

19. As a member of OCCB amongst his responsibilities was the training of other officers in day to day operations of the unit and law enforcement initiatives and directives.

20. On or about January 31, 2014 CW was promoted to Detective First grade and the following month, February, he trained with the Emergency Service Unit in order to be certified as an emergency medical technician.

21. After CW was promoted to Detective First grade he was required to take a drug/urine test as a condition of his employment/promotion.

22. On March 18, 2014 he reported to the Drug Screening Unit for a drug test purportedly based on his promotion to First Grade Detective and ten days later on March 28th a "random" drug test was administered.

23. During the March 18th drug screening the Drug Screening Unit examiner committed a number of errors and when the test results were obtained CW had tested positive for marijuana.

25. The "random" test on March 28th he tested negative and that second sample was destroyed by police personnel in the Drug Screening Unit.

26. On or about March 30th members of the Internal Affairs Bureau stopped CW and stripped him of his gun and badge pending Departmental charges.

27. Being aware of NYPD procedures, practices, and treatment of minority officers CW went to an independent testing service on April 1st and it was determined at that time that time after testing his urine, hair and blood that the results were negative.

4

28. Being aware of NYPD procedures, practices, and treatment of minority officers CW went to an independent testing service on April 4th and it was determined again; after testing his urine, hair and blood that the results were again negative.

29. The March 28th results were inexplicably destroyed.

30. The NYPD Trials Bureau commenced hearings on or about March 24, 2015 and they continued until a determination was made against CW.

31. In the hearing a witness for NYPD testified that CW was a habitual user of marijuana which was contradicted by several drug screening test which CW took which established the exact opposite.

32. Despite the preponderance of evidence the Deputy-Commissioner of trials found that CW had tested positive on March 18th and disregarded the March 28th sample which was destroyed, and the April 1st and April 4th.

33. On or about October 9, 2015 defendant Commissioner William Bratton signed off on his dismissal.

## Violations And Claims Alleged

### Count I
### Racial Discrimination
### In Violation of
### The Civil Rights Act Of 1866, 42 U.S.C. 1981

34. Plaintiff re-alleges paragraph 1 through 33 and incorporates them by reference in Count I of this Complaint.

35. Plaintiff alleges that by the aforesaid discriminatory acts and omission of employees of defendant CITY and defendant Bratton (hereinafter "Bratton") acting individually and in their official capacities as public officials of defendant CITY inferred

5

with his right to enforce contracts under the color of state law because of his race.

36. Plaintiff alleges that pursuant to their conduct, employees of defendant CITY acted to deprive him of his civil rights, by repeated acts of negligence and departure from procedure which was indicative of bad faith and incompetence.

37. CW contends that the March 18th test was invalid, and that NYPD destroyed the March 28th test and that the two test he took: April 1st, April 4th conclusively proved he was not a "habitual" user.

38. The defendant Bratton disregarded the preponderance of the evidence and dismissed CW based upon improper testing and record keeping and displaying a total disregard of evidence which contradicted the erroneous findings of March 18th.

39. That if CW was a habitual user the time frame between test(s) would have militated against a negative finding and that a positive finding would have been more consistent with that of an habitual user. CW denies any usage.

40. Based upon the failure of the defendant City and defendant Bratton to adequately investigate these allegations, coupled with the intentional or negligent destruction of test samples and a total disregard of independent testing agencies (not contracted by NYPD) CW was deprived of his constitutional rights to due process.

41. As a consequence of the actions of the defendants, CW has suffered damages in an amount to be determined.

**Count II**
**Wrongful Termination Based Upon Racial Discrimination**
**In Violation Of**
**The Civil Rights Act Of 1871, 42 U.S.C 1983**

42. Plaintiff re-alleges paragraph 1 through 41 and incorporates them by reference

6

in Count II of this Complaint.

43. Plaintiff alleges that defendant CITY under color of law, personally interfered with and deprived him of his constitutional rights.

44. Plaintiff alleges that defendant City's employees acting individually and in their official capacities as public officials and defendant Bratton under the color of law, and after having been fully advised that CW was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against him, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivation of his rights.

45. That the trial department record did not support a legal conclusion that CW had violated NYPD procedure by a preponderance of the evidence.

46. That the defendant CITY failed to follow proper procedure in obtaining hair and urine samples from CW and negligently or intentionally destroyed the samples taken on March 28th and the examiner was inexperienced at the time of the collection of the samples and made numerous mistakes during the processing of CW's samples.

47. That the defendants' totally disregarded the preponderance of the evidence and based upon an impermissible criteria CW was dismissed from the defendant City by defendant Bratton.

48. Upon information and belief the March 28th results were negative for the presence of drugs/marijuana and on that date he was supposed to be given a hair drug test the collector changed that to a urine test, because CW's hair was to short, although collector did not check all the available parts of the body for air.

49. Moreover the collector also mistakenly filed the test as a random drug screening when it was supposed to be a promotional screening. There were a series of mistakes and destruction of evidence by NYPD which was totally disregarded by the trial hearing judge, defendant City and defendant Bratton.

50. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count III
## Abuse Of Authority
## In Violation Of
## The Civil Rights Act Of 1871, 42 U.S.C 1983

51. Plaintiff re-alleges paragraph 1 through 50 and incorporates them by reference in Count II of this Complaint.

52. Plaintiff alleges that defendant CITY under color of law, personally interfered with and deprived him of his constitutional rights.

53. Plaintiff alleges that defendant CITY and its employees acting individually and in their official capacities as public official of defendant CITY under color of law, and defendant Bratton having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

54. That the collector of the March 18th sample mistakenly transcribed the I.D. number on the sample; that the collector had to prepare an affidavit attesting to this error

and that affidavit itself contained and error; that the positive result was reported on the same day CW appeared for another hair test, which collector changed to a urine test; that the second drug test was negative for the presence of drugs; that the collector of the March 18th test was new, inexperienced, brief job training period, but principally trained via the Internet.

55. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

**Count IV**
**Improper Training In Violation Of The**
**Civil Rights Act Of 1871, 42 U.S.C. § 1983**

56. Plaintiff re-alleges paragraph 1 through 55 and incorporates them by reference in Count IV of this Complaint.

57. The collector of the samples had been on the job six months, and had received on the job training for couple of weeks and the bulk and balance of her training was by the internet and at the time(s) involved in this action was working alone without supervision.

58. That the collector failed to follow proper police procedure in taking CW's samples and the contract agency returned paperwork which was incorrectly completed and was required to submit an affidavit to explain the discrepancy.

59. Upon information and belief the affidavit which was submitted by the collector also contained errors which similarly had to be corrected. And CW's March 28th sample was negative but was destroyed, inexplicably.

9

60. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count V
## Improper Discipline In Violation
## Of The
## Civil Rights Act Of 1871, 42 U.S.C. § 1983

61. Plaintiff re-alleges paragraph 1 through 60 and incorporates them by reference in Count V of this Complaint.

62. That CW had a distinguished NYPD career, coupled with military service leave during his employ; and his EMT training was for the sole purpose of being able to provide immediate medical assistance if a fellow officer were ever injured executing search warrants or comparable situations where a member of the service might require immediate medical assistance.

63. That the preponderance of the evidence at the Trial board hearing was in his favor and that the defendants' arbitrarily and capriciously discounted, and disregarded substantial evidence which countered the charges against CW.

64. That white police officers have committed much more egregious acts and conduct and have not lost their jobs. CW had taken numerous drug test in his 30 years of service and the March 18th test results were an anomaly.

65. That numerous superior officers attested to his character, and he was promoted based upon his exemplary record of performance over the course of thirty years.

66. That CW had never been subjected to any adverse job actions over thirty years and that the actions of the defendants' were in violation of police practice and procedures and he was denied substantive and procedural due process when he was terminated by the defendants.

67. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count VI
### Racial Discrimination In Violation
### Of New York City Administrative Code § 8-107

68. Plaintiff re-alleges paragraph 1 through 67 and incorporates them by reference in Count VI of this Complaint.

69. CW alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

70. CW alleges that defendants' City and Bratton discriminated against him because of his race in determining his fitness to serve.

71. CW alleges that as a direct and proximate result of the unlawful employment practices of defendants' City and Bratton, he suffered the indignity of racial discrimination and great humiliation.

72. CW alleges that defendants' City and Bratton's violations caused him mental anguish, emotional distress, and loss of employment opportunities.

73. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count VII
## Negligent Hiring

74. Plaintiff re-alleges paragraph 1 through 73 and incorporates them by reference in Count VII of this Complaint.

75. CW alleges that the collector, member of NYPD employed by the defendant City and defendant Bratton lacked the basic skills necessary to do the job they were hired to perform and was incapable to accurately performing the task assigned to them.

76. That on several occasions the collector, member of NYPD who was employed by the defendant City and Bratton failed to follow basic protocol and received the bulk of their training via the internet and that there were no proficiency test or periodic skill assessments to determine their continued/on going qualifications.

77. Upon information and belief at the time of the March 18th testing there was no supervisor present, and no one reviewed the test which were performed or the documents which were generated as a result of the test.

78. Upon information and belief the collector failed to follow instructions with regard to the second test on March 28th and that after the test the results and samples were inadvertently destroyed.

79. CW alleges that defendant City and Bratton had knowledge of these facts which would have cause a reasonably prudent person to investigate the proficiency of the

12

collector in view of the major shortfalls and the likelihood that such ineptitude would likely result in injury to others.

80. CW contends that defendants' City and Bratton failed to use reasonable care to correct or remove the collector who had failed to comply with the rules and regulations repeatedly.

81. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count VIII
### Negligent Supervision

82. Plaintiff re-alleges paragraph 1 through 81 and incorporates them by reference in Count VIII of this Complaint.

83. Upon information and belief the defendants City and Bratton failed to have a supervisor on duty or on call when CW provided his sample.

84. Upon information and belief the NYPD collector made numerous mistakes in the processing of the samples, specific request and paper work that was required to be completed with specificity.

85. That at the time of the collection of CW's sample numerous concerns were expressed by CW that the collector disregarded a request by CW's command and unilaterally took a urine test as compared to a hair test in the March 28th sample.

86. That the March 28th sample was mysteriously lost.

87. As a consequence of the actions of the defendants, CW has suffered emotional distress, monetary damage, legal expenses, and out of pocket expenses for telephone, postage and other costs of pursuing the claims herein and damages in an amount to be determined.

## Count IX
## Intentional Infliction Of Emotional Distress

88. Plaintiff re-alleges paragraph 1 through 87 and incorporates them by reference in Count V of this Complaint.

89. That CW had extensive experience with OCCB and had worked in narcotics during his tenure with NYPD.

90. That CW was highly regarded by his co-workers and supervisors as was evinced by his promotion to Detective First Grade Detective.

91. That at the time CW was terminated he was receiving EMT training to better equip himself to perform this job as a member of NYPD.

92. That the defendants' City and Bratton were aware of or intentionally disregarded the substantial probability that their actions or the actions of their agents were likely to cause sever emotional distress to CW.

93. That CW had taken, and successfully pasted 3 out of 4 drug test; and that as to the failed test, their were substantial irregularities; and all subsequent test, were negative.

94. Plaintiff alleges that defendants' City and Bratton by their extreme, callous and outrageous conduct, intended to cause CW embarrassment, public humiliation, degradation, of his esteem, and character causing him to suffer emotional and psychological injuries.

14

## Jury Trial

95. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## Prayer For Relief

Wherefore, plaintiff demands compensatory and punitive damages against the defendant City and Bratton jointly and severally, plus any and all available statutory remedies, both legal and equitable, interests and costs.

Dated: July 8, 2016

Respectfully submitted,

*William T Martin*

William T. Martin, Esq.(WTM 4005)
108 Village Square, Suite 143
 Somers, N.Y. 10589
 866-557-2275 - Office
 718-504-3783 - Fax
 wtmartin380@gmail.com